UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA NANETTE CRAWFORD     CIVIL ACTION NO. 14-cv-0512

VERSUS     JUDGE WALTER

U.S. MARSHAL POLICE CITY MARSHAL DEPT.     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Patricia Nanette Crawford ("Plaintiff"), who is self-represented, filed this civil action. It is recommended that her complaint be dismissed for failure to state a claim on which relief may be granted.

**Relevant Facts**

Plaintiff's original complaint was filed on a form provided by the Clerk of Court. She completed the caption on the form by inserting her name as plaintiff and, on the defendant line, writing "U.S. Marshal Police City Marshal Dept." The complaint provided a place for Plaintiff to describe in her own words the matters about which she complained. She did not write anything in that space (or elsewhere on the papers filed with the court) to indicate the factual or legal basis for her suit.

The court issued an order (Doc. 3) that allowed Plaintiff the opportunity to file an amended complaint that (1) plainly identified the named defendants, (2) identified a federal claim or other basis for the court to exercise jurisdiction, and (3) set forth in numbered

paragraphs a short and plain statement of the facts on which her complaint is based.

Plaintiff responded by filing an amended complaint (Doc. 5). She did not identify any particular defendants or a basis for federal jurisdiction. Her allegations were as follows:

> The practices of each law enforcement Dept, store offices neighbors etc and every other abled bodied person in this town was immoral and unethical. Invasion of my privacy, frame of mind. Typical practices thought of as a joke turned into obsession with nightmarish tactics, abused physically and mentally also on occasion even a few, less than many death threats, even a few implanted dreams, physical changes Daily 24 hour abuse ranging from verbal, physical electric shock gutted from head to toe outside in, with a capitol gain for themselves.

In the meantime, Plaintiff has twice called the chambers of the undersigned and asked for an ex parte meeting with the court. She made complaints over the phone that, like those written in her amended complaint, were difficult to understand. When court staff refused to schedule a meeting, Plaintiff repeatedly called the chambers of the undersigned several times one afternoon and, on another day, more than a dozen times. Law enforcement personnel visited with Plaintiff's family to direct that the calls stop. The calls continued, necessitating another visit by law enforcement on April 10, 2014.

**Authority to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to

respond to the possible dismissal of her case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in report and recommendation satisfied due process).

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded facts were clearly baseless because they were fanciful, fantastic, or delusional. See e.g. Gallop v. Chaney, 642 F.3d 364 (2d Cir. 2011) (dismissing a complaint that set forth a fantastical alternative history of the September 11, 2011 terrorist attacks). Some courts have responded to such complaints by dismissing for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in a complaint are absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion. See Degrazia v. F.B.I., 316 Fed. Appx. 172 (3d Cir. 2009) (dismissing case based on "fantastic scenarios lacking any arguable factual basis").

Courts often employ 28 U.S.C. § 1915 to review and dismiss complaints filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim on which relief can be

granted. Plaintiff is not proceeding *in forma pauperis*, and she has paid the $400 filing fee. That payment does not preclude dismissal. District courts "have the inherent authority to dismiss a pro se litigant's frivolous or malicious complaint *sua sponte* even when the plaintiff has paid the requiring filing fee." Pope v. Mountcastle Mortg. Corp., 2011 WL 4986927 (N.D. Tex. 2011) (Boyle, J.), citing Fitzgerald v. First East Seventh Street Tenants, 221 F.3d 362, 363–64 (2d Cir. 2000) ("we hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee").

**Analysis and Conclusion**

This complaint warrants swift dismissal to avoid any further waste of the court's resources. The allegations do not come close to stating a federal claim against any individual person or legal entity with the capacity to be sued. No defendant should be required to respond to the complaint and spend money to defend against the patently meritless allegations.

This appears to be the first complaint Plaintiff has filed with this court, so the undersigned does not recommend sanctions at this time. Plaintiff is warned, however, that if she continues to file such frivolous matters she may be subjected to sanctions, including a bar on filing any more complaints. Civil actions such as this one consume many hours of time by judges and staff of the court and clerk's office that could be spent on the many other matters before the court that deserve such attention. Plaintiff will not be allowed to continue to consume the resources of the court and the community with frivolous filings that delay justice for citizens who have legitimate business before the court.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2014.



Mark L. Hornsby
U.S. Magistrate Judge